IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERARD NUOVO,                           :

       Plaintiff               :        Civil Action 2:09-cv-312

  v.                                   :        Judge Graham

THE OHIO STATE UNIVERSITY, *et al.*     :        Magistrate Judge Abel

       Defendants.             :

**ORDER**

On April 21, 2009, Plaintiff filed the instant action against defendants the Ohio State University ("OSU"), Dr. Sanford Barsky, and Ohio State University Pathology Services LLC ("OSUPS") (Doc. 2). On June 22, 2009, OSU filed a motion to dismiss (Doc. 4). On June 30, 2009, Plaintiff filed an amended complaint (Doc. 5). This amended complaint added as defendants OSU Physicians Inc. ("Physicians"), E. Gordon Gee, Gilbert Cloyd, Dr. Hagop Mekhijian, Caroline Whitacre, Joseph Alutto, Dr. Daniel Sedmak, Dr. Robert Bornstein, and various John Does.

On August 3, 2009, defendants Mekhijian, Sedmak, Physicians, and OSUP moved to strike the amended complaint (Doc. 13). Their stated reason for doing so was that the Federal Rules do not permit Plaintiffs to amend a complaint so as to add new parties without obtaining prior leave of Court under Fed. Rs. Civ. Pro. 15

1

or 21. On August 4, 2009, defendants Gee, Cloyd, Mekhijian, Whitacre, Alutto, Sedmak, OSU, and Bornstein moved to dismiss the amended complaint (Doc. 14). On the same day, Barsky filed an answer and a motion to dismiss (Docs. 17, 18). On August 10, 2009, Plaintiff filed a motion for leave to file a first and second amended complaint (Doc. 20). He stated that he did not concede that he had not had the right to file the first amended complaint, but nevertheless requested leave to file his first amended complaint to correct pleading defects, and furthermore a second amended complaint to "amplify facts and claims and correct misnomers" (Doc. 20 at 4). Plaintiff did not attach the proposed second amended complaint to his motion for leave to file.

Defendants have opposed the request for leave to file the first amended complaint (Docs. 21, 24), for the same grounds as in the motion to strike it. They argue that, pursuant to *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995), while Plaintiff had the usual right to amend as a matter of course under Fed. R. Civ. Pro. 15(a)(1)(A), an amendment (such as the proposed first amended complaint here) which would purport to add new defendants requires leave of court pursuant to Rule 21. Plaintiff, however, cites in response the Sixth Circuit Court of Appeals' decision in *Broyles v. Correctional Medical Services*, Inc., No. 08-1638, 2009 U.S. App. Lexis 5494.

In the *Becherer* decision, Plaintiffs filed an amended complaint which added Midwest Title Guarantee as an additional defendant. Midwest moved to dismiss on the basis of improper joinder, and the trial court granted dismissal because the

2

plaintiffs had not obtained leave under Rule 21. The appellate court held:

> The Becherer plaintiffs argue that this decision was in error. In support of this argument, they first contend that, under Fed.R.Civ.P. 15(a), they are allowed to amend as a matter of course as to defendants who have not yet filed a responsive pleading. According to the Becherer plaintiffs, as of February 1, 1991, Midwest had not filed a responsive pleading, so the Becherer plaintiffs could add them without prior court permission.
>
> This argument is specious. Midwest was not a party to the suit before the Becherer plaintiffs filed their amended complaint. If we accept this interpretation of Rule 15(a), a plaintiff could always add a new party, at any point in the litigation, without court permission.

*Becherer*, 43 F.3d 1054, 1069. However, the appellate court more recently held:

> This Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action. However, this Court has noted that Rule 15(a) gives plaintiffs an "absolute right" to amend a complaint before a responsive pleading is served, *Petuso*, 233 F.3d at 421, and has emphasized that "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Therefore, Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served. [...] Accordingly, we conclude that the district court abused its discretion in striking the amended complaint for failure to seek leave from the court.

*Broyles, supra*, citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000).

The court in *Broyles* did not address its earlier opinion in *Becherer*. Nevertheless, as Defendants point out, *Broyles* is an unpublished decision. A panel of the Court of Appeals cannot overrule the decision of another panel. The prior decision remains controlling authority absent an inconsistent decision of the United States Supreme Court or a new decision by the appellate court sitting en banc.

3

*Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009), citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001). This court is therefore bound to follow the rule of *Becherer*. Plaintiff could not amend his complaint as a matter of course under Rule 15(a) if the amendment would join new parties.

Nevertheless, as Plaintiff now *moves* for leave to file his first amended complaint, that leave will be granted. It does not appear that the proposed amendment would be prejudicial to the existing defendants, that it is requested in bad faith or for dilatory motive, or that such amendment would be futile. In the absence of any apparent or declared reason to deny leave to amend, such leave should be "freely given" when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. Pro. 15(a). No such reason is apparent. The Court will therefore permit the filing of Plaintiff's First Amended Complaint.

Plaintiff has also moved for leave to file a second amended complaint. However, he did not attach to his motion the proposed second amended complaint. My practice is to consider a motion for leave to amend a pleading only when the proposed amended complaint is tendered with the motion. That way, the opposing party has fair notice of the proposed amendment, and I will have the benefit of informed adversary argument. Any motion for leave to amend must be accompanied by the substance of the proposed amendment, in order for a court to determine whether justice requires granting leave. *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002). In response to this requirement, Plaintiff states:

> As to Plaintiff's failure to attach the Second Amended Complaint, Plaintiff is represented by a small law firm and simply does not have the resources of the four major law firms, Ohio State University Legal Department, and Ohio Attorney General who are counsel to the Defendants. No undue prejudice will occur if Plaintiff is permitted until August 20, 2009 to file a Second Amended Complaint to address the technical pleading issues raised by Defendants.

The extent of *Defendants'* legal resources is irrelevant to *Plaintiff's* ability to produce the pleading which he moves for leave to file. The Court will not grant leave to file a second amended complaint without having such proposed pleading before it.

In addition, all defendants request that the preliminary pretrial conference currently scheduled for September 3, 2009 be continued until after the resolution of the instant controversy on amendment and until after the Court should rule upon the outstanding motions to dismiss (Docs. 4, 14, 18). As the parties are now advised that the Amended Complaint has been filed, and are appraised of the identities of the defendants and the allegations against them, this request is denied. The pretrial conference will proceed as currently scheduled. In addition, the Court presumes that the parties will proceed immediately to confer and that they will produce their Rule 26(f) report by the deadline currently set.

Accordingly, Plaintiff's motion for leave to amend (Doc. 20) is **GRANTED IN PART**. Plaintiff's Complaint is deemed amended as of the date of entry of this order; such amended pleading is listed on the Court's docket as Doc. 5. The Court acknowledges that certain defendants have already moved or pled in response to this pleading. To the extent that Plaintiff's motion seeks leave to file a second

5

amended complaint, it is **DENIED WITHOUT PREJUDICE** to seek leave in a later motion accompanied by such a proposed pleading. Defendants' Motion to Strike (Doc. 13) is **DENIED AS MOOT**. Defendants' motion to continue the pretrial conference (Doc. 22) is **DENIED**.

s/Mark R. Abel  
United States Magistrate Judge