UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. GERARD NUOVO, | : | |
| | : | Case No. 2:09-CV-00312 |
| Plaintiff, | : | |
| v. | : | Judge Frost |
| | : | |
| THE OHIO STATE UNIVERSITY, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

In recognition of the fact that the issues involved in this case and, consequently, the discovery sought by the parties, relate to or potentially implicate highly sensitive and confidential matters including, but not limited to, information regarding patient care, medical peer review proceedings and research misconduct proceedings, the parties to this action have agreed to entry of this protective order to facilitate discovery and to protect to the greatest extent possible the confidentiality of information provided in discovery. IT IS HEREBY ORDERED THAT:

1. The parties may designate as "Confidential" any documents, deposition transcripts, or exhibits (or portions of any documents, deposition transcripts, or exhibits) that any party believes should be subject to the terms of this Agreed Protective Order. The parties may designate documents for which protected status is claimed by stamping or labeling such document "Confidential" on the first page of each document or by any other reasonable means of giving notice of the parties' intent to claim protected status for the document. Confidential documents:

    (a) Shall be disclosed to no one except the parties, their attorneys (including the staff, secretarial, and clerical personnel of such counsel), deponents,

trial witnesses, and any experts or consultants retained by the parties who have agreed to abide by the terms of this Agreed Protective Order and have executed the acknowledgement attached as Exhibit A;

(b) Shall be maintained in confidence; and

(c) Shall be used solely for the purpose of the above-captioned action.

2. This Agreed Protective Order shall not be deemed to encompass documents or information that was lawfully in a party's possession prior to the filing of the above-captioned action so long as the party obtained and retained the documents or information without violating any law or then-existing rules.

3. Due to the large volume of electronic and hard copy data in the possession, custody or control of the parties and the resulting concerns regarding attorney-client privilege and work product protection, it is agreed between the parties and Ordered by the Court that the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including but not limited to information that may be considered "Confidential" under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date, and any information or document subject to a claim of attorney-client privilege or work product protection shall be subject to, and treated in accordance with, Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(d).

4. The parties shall not file with the Court (except under seal in an envelope marked with the caption of the case, a list of contents, and the following notation: "Contains Confidential Information; To be opened only by or as directed by the Court") any document, brief, pleading,

discovery, or answers to discovery, including interrogatories, documents requests, deposition transcripts, or any portion(s) thereof, that are designated as Confidential or consist of information from documents designated as Confidential, unless otherwise ordered by the Court, or mutually agreed upon by the parties.

5. At the conclusion of the above-captioned action, by judgment or otherwise, attorneys for each party will request return of all documents designated as Confidential that were shared with staff, secretaries, clerical personnel, deponents, trial witnesses, experts, and consultants, and such individuals are required by the Agreed Protective Order to return all Confidential documents to the attorney making such request. Counsel for each party will then return all Confidential documents and copies thereof to the producing party, except that nothing herein shall require any party to return materials containing attorney work product. Any Confidential document or information that is not returned because it contains attorney work product shall be destroyed or maintained in confidence consistent with the restrictions in this Agreed Protective Order.

6. Any party, after exhausting reasonable attempts to resolve the matter with opposing counsel without involving the Court, may bring before the Court for ruling thereon, any motion setting forth any problems or difficulties that arise as a result of this Agreed Protective Order, or for the purposes of modifying it, or for an order declaring that information designated as "Confidential" by a party is not confidential. The burden of proving the proprietary nature of a document's or particular information's "Confidential" designation shall be on the proponent of such protection. Until the Court rules on such motion, documents designated as Confidential still remain confidential under the terms of this Agreed Protective Order.

IT IS SO ORDERED.

Date: 6/22/11

GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

AGREED AND ACKNOWLEDGED:

Respectfully submitted,

Fred G. Pressley, Jr. (0023090), Trial Attorney
Bradd N. Siegel (0023065)
Jamie A. LaPlante (0082184)
Porter, Wright, Morris & Arthur LLP
41 South High Street, Suite 3200
Columbus, Ohio 43215
Telephone: (614) 227-2000
Fax: (614) 227-2100
fpressley@porterwright.com
bsiegel@porterwright.com
jlaplante@porterwright.com

*Special Counsel to Ohio Attorney General*

*Attorneys for Defendants The Ohio State University and E. Gordon Gee, Gilbert Cloyd, Joseph Alutto, and Robert Bornstein in their capacity as officers/employees of The Ohio State University*

Alycia N. Broz (0070205), Trial Attorney
Timothy B. McGranor (0072365)
Martha Brewer (0083788)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43216-1008
Telephone: 614-464-5481
Fax: 614-719-4810
anbroz@vorys.com
tbmcgranor@vorys.com
mcbrewer@vorys.com

*Attorneys for Defendant Sanford Barsky in his personal capacity as an employee of The Ohio State University*

William W. Patmon, III (0062204)
Patmon LLC
Attorneys and Counselors at Law
4100 Regent Street, Suite U
Columbus, Ohio 43219
Telephone: (614) 470-9860
Fax: (614) 470-9930
wpatmon@patmonlaw.com

*Attorney for Plaintiff Dr. Gerard Nuovo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. GERARD NUOVO, | : | |
| | : | Case No. 2:09-CV-00312 |
| Plaintiff, | : | |
| v. | : | Judge Frost |
| | : | |
| THE OHIO STATE UNIVERSITY, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

## ACKNOWLEDGEMENT

I, _____ have read the attached Agreed Protective Order entered in the above-captioned matter, and I understand the contents thereof. I hereby agree to comply with all terms, conditions, and restrictions contained in said Agreed Protective Order regarding the use and disclosure of any materials labeled "Confidential" that I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division for enforcement of the Agreed Protective Order.

Dated: _____

Signed: _____

Exhibit A